IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAMON SILVA SANCHEZ, 1445291, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:08-CV-1767-N |
| ) | |
| RICK THALER, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**I.    Procedural Background**

Petitioner challenges his conviction for possession of a controlled substance with the intent to deliver. *State of Texas v. Ramon Silva Sanchez*, No. F40105 (413th Jud. Dist. Ct., Johnson County, Tex., Apr. 23, 2007). Petitioner pled guilty to the charge and was sentenced to twenty-two years confinement. On July 17, 2007, the appellate court dismissed Petitioner's direct appeal for want of jurisdiction. *Sanchez v. State*, No. 06-07-00110-CR (Tex. App. – Texarkana, July 17, 2007, no pet.). Petitioner did not file a petition for discretionary review.

On July 9, 2008, Petitioner filed a state application for of habeas corpus. *Ex parte Sanchez*, No. 70,545-01. On September 10, 2008, the Court of Criminal Appeals denied the application without written order.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 1**

On October 2, 2008, Petitioner filed this § 2254 petition. He argues:

1. The indictment was defective;

2. There was insufficient evidence to support the conviction;

3. He was denied the effective assistance of counsel because counsel:

    (A) failed to investigate the case; and

    (B) coerced his guilty plea.

## II. Discussion

## 1. Standard of review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 2**

from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2049 (1997). The petition in this case is subject to review under the AEDPA.

**2**.   **Guilty Plea/Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 3**

### (A) Coerced Plea

Petitioner argues his counsel coerced him into pleading guilty because his counsel informed him he would receive more time if he went to trial rather than accepting the state's plea offer of twenty-two years. A defense attorney, however, "should make informed predictions about the consequences of either pleading guilty or going to trial." *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002). A defense attorney's warnings about the potential for a lengthy prison sentence does not compromise the voluntariness of a guilty plea. *Urseti v. Lynaugh*, 821 F.2d 1099, 1102 (5th Cir. 1987) (finding plea voluntary where attorney warned client he would be lucky to get 99 years if he went to trial). Petitioner has failed to show that his counsel's statements coerced his guilty plea.

Additionally, the record shows that Petitioner's guilty was voluntarily entered. Prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight").

In this case, Petitioner signed a plea agreement stating that he committed the offense of possession with a controlled substance, with intent to deliver, as charged in the indictment. *Ex parte Sanchez*, No. 70,545-01 at 93. Additionally, Petitioner testified at the plea hearing that he reviewed the indictment with his attorney and that he was pleading guilty to the charges because

he was in fact guilty. *Id*. at 73. Petitioner stated no one threatened him or forced him to sign the plea agreement. *Id*. at 74. Petitioner has failed to show that he was coerced into pleading guilty.

### (B) Failure to Investigate

Petitioner argues his counsel was ineffective for failing to sufficiently investigate the case. He states defense counsel failed to review the law and facts, failed to interview witnesses, failed to review the police officer's report which would show Petitioner did not possess any drugs at the time of arrest, and failed to discover the indictment was void because it failed to allege an offense under the Texas Controlled Substances Act and failed to include a "penal provision." (Pet. Mem. at 13).

The indictment, however, tracks the language of the Texas Health and Safety Code, Section 481.112(d). The indictment states that Petitioner did:

> intentionally and knowingly possess, with intent to deliver, a controlled substance, namely methamphetamine, in an amount of four grams or more but less than two hundred grams, including any adulterants or dilutants.

*Ex parte Sanchez*, No. 70,545-01 at 8. Section 481.112 of the Texas Health and Safety Code states:

> (a) [A] person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance . . . .
>
> (d) An offense under Subsection (a) is a felony of the first degree if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, four grams or more but less than 200 grams.

Petitioner has failed to show the indictment improperly tracked the statute or was invalid in any way. His counsel was not required to file frivolous motions. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 5**

Petitioner states his counsel was ineffective because he failed to interview witnesses and failed to adequately investigate the case. Petitioner has submitted no evidence that any witness would have testified favorably for the defense. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (stating that to establish the requisite *Strickland* prejudice, Petitioner must show that the testimony would have been favorable); *see also See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) ("hypothetical or theoretical testimony will not justify the issuance of a writ . . . ."). Petitioner's claim that the police officer's report would show he did not commit the offense is conclusory. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings). Petitioner has failed to show he received ineffective assistance of counsel.

3. **Remaining Claims**

Petitioner argues the indictment was defective and the evidence was insufficient to support the conviction. As discussed above, Petitioner's claims regarding the indictment are without merit. Petitioner's insufficiency of the evidence claims also fail to entitle him to relief. Once a guilty plea has been entered, however, all nonjurisdictional defects are waived. *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)(citing *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982)). By Petitioner's guilty plea, he relieved the state of its burden to put forth evidence sufficient to sustain his conviction. Petitioner's plea was knowingly, intelligently, and voluntarily entered. Petitioner has therefore waived his right to demand any evidence to sustain his conviction. *See United States v. Broce*, 488 U.S. 563 (1989) (holding that "when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the

proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary."). Petitioner's claim is therefore without merit and should be denied.

**4.    Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 8th day of February, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).